lee, elmer edward v. state 






                     NO. 12-05-00276-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


LAMONT DEWBERRY,                                    §     APPEAL FROM THE 241ST
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of the
offense of aggravated assault with a deadly weapon, and punishment was assessed at imprisonment
for 75 years. Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open
court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a). Where a timely motion
for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court. Id. Appellant’s sentence was imposed in open court on
February 23, 2005, and he did not file a motion for new trial. Therefore, his notice of appeal was
due to have been filed on or before March 25, 2005. However, Appellant did not file his notice of
appeal until September 2, 2005. Moreover, Appellant did not file a timely motion for extension of
time to file his notice of appeal as authorized by Texas Rule of Appellate Procedure 26.3. 
             On September 8, 2005, this Court notified Appellant, pursuant to Rules 26.2 and 37.2, that
the clerk’s record did not show the jurisdiction of this Court, and it gave him until September 19,
2005 to correct the defect. On September 15, 2005, Appellant responded to our notice urging that
we allow him to pursue his appeal because his trial counsel gave timely oral notice of Appellant’s
intent to appeal, but did not file a written notice of appeal. Appellant further states that his appellate
counsel was not appointed until September 2, 2005, approximately one week before this Court
notified Appellant of the defect in the clerk’s record. 
            A timely notice of appeal is essential to vest this Court with jurisdiction. See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996). Because Appellant’s notice of appeal was untimely, we have no jurisdiction over this appeal. 
See Olivo, 918 S.W.2d at 526. Accordingly, we dismiss the appeal for want of jurisdiction. 
Opinion delivered September 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






























(DO NOT PUBLISH)